IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KAWAYNE STEEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:16-cv-808-GMB |
| | ) | |
| VISCOFAN USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the court are Defendant's Motion to Sever and for Partial Remand (Doc. 2), Defendant's Motion for Partial Dismissal of Plaintiff's Complaint (Doc. 5), and Plaintiff's Motion to Remand (Doc. 10).   For the reasons stated below, it is ORDERED that Plaintiff's Motion to Remand (Doc. 10) is GRANTED, and Defendant's Motion to Sever and for Partial Remand (Doc. 2) is DENIED.   The case will be REMANDED to the Circuit Court of Montgomery County, Alabama, and Defendant's Motion for Partial Dismissal of Plaintiff's Complaint (Doc. 5) will remain pending before that court.[1]

## I.  FACTS AND PROCEDURAL HISTORY

Defendant Viscofan USA, Inc. ("Viscofan") employed Plaintiff Kawayne Steel as a machine operator in an industrial facility in Montgomery County, Alabama.   On March 23, 2016, Steel cut his left arm as he fed a meat casing onto a machine, causing significant injuries.   According to the complaint, Viscofan improperly designed, manufactured,

---

[1]  The parties have consented to the exercise of full jurisdiction by the undersigned Magistrate Judge for all proceedings in this case. *See* Docs. 16 & 17; 28 U.S.C. § 636(c).

installed, distributed, sold, or assembled this machine, causing Steel's injuries and resulting in claims pursuant to the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD") and for negligence and wantonness.[2]   Steel also brings a workers' compensation claim against Viscofan.

Viscofan removed the action on October 6, 2016 on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332.   The notice of removal alleges that Viscofan is a Delaware corporation with its principal place of business in Illinois, while Steel resides in Alabama, and that the amount in controversy exceeds $75,000, exclusive of interest and costs.   Along with the notice of removal, Viscofan filed a motion (Doc. 2) that asks the court to sever and to remand Steel's workers' compensation claim, but retain jurisdiction over his remaining claims.   Viscofan also filed a motion for partial dismissal (Doc. 5) invoking the Alabama Workers' Compensation Act's exclusivity provisions to argue that the AEMLD, negligence, and wantonness claims should be dismissed on the merits.   In response, Steel filed a motion to remand (Doc. 10) arguing for the entire action to be remanded to state court under 28 U.S.C. § 1445(c).

## II.  DISCUSSION

This is a court of limited jurisdiction.   Only cases that originally could have been filed in federal court may invoke this court's jurisdiction through removal from a state

---

[2]  The complaint concludes with a claim entitled "Combined and Concurring Conduct of All Defendants," which merely incorporates the prior factual averments and states: "The conduct of all Defendants combined and concurred to cause Plaintiff Kawayne Steel's injuries." Doc. 1-1 at 6.   The court is not aware of an independent cause of action under Alabama law for combined injury.   As a result, the court does not treat this allegation as an independent cause of action, but notes that this treatment has no impact on the core questions addressed here.

court. *E.g.*, 28 U.S.C. § 1441(a); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).   The "removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319–20 (11th Cir. 2001)).   In analyzing whether the defendant has carried that burden, the "removal statutes are construed narrowly" and "uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095 (citing *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108 (3rd Cir. 1990); *Coker v. Amoco Oil Co.*, 709 F.2d 1433 (11th Cir. 1983)).

**A.     Remand of Actions Arising Under Alabama Workers' Compensation Law**

The interplay of the federal removal statutes and the Federal Rules of Civil Procedure determines whether some or all of this case must be remanded to state court. The parties are in agreement that some of the case—specifically, Steel's workers' compensation claim—must be remanded.   This is because 28 U.S.C. § 1445(c) prohibits the removal of a "civil action in any State court arising under the workmen's compensation laws of such State."   Steel's claim, which is set forth in Count One of his complaint, explicitly invokes the Workers' Compensation Act of Alabama in seeking all damages for his on-the-job injury to which the Act entitles him. Doc. 1-1 at 3–4.   Although Steel does not specify the relevant portion of the Act, Alabama Code § 25-5-31 creates the employee's right to file a civil action to receive compensation from his employer when he is injured on the job. *See* Ala. Code § 25-5-31 (1975) ("When personal injury or death is caused to an employee by an accident arising out of and in the course of his employment

. . . [he] shall receive compensation by way of damages therefor from the employer.").
The court finds that the private right of action created by § 25-5-31 is "an integral part of
Alabama's workers' compensation regime." *Reed v. Heil Co.*, 206 F.3d 1055, 1060 (11th
Cir. 2000) (remanding a retaliatory termination claim because it arose under § 1445(c)).
As a result, Steel's workers' compensation claim arises under Alabama workers'
compensation law within the meaning of § 1445(c) and is therefore nonremovable. *See id.*

While Steel and Viscofan agree to the remand of the workers' compensation claim,
their positions otherwise diverge.  Viscofan urges the court to sever the AEMLD,
negligence, and wantonness claims from the workers' compensation claim and to retain
jurisdiction over those claims despite remanding the workers' compensation action to state
court. Doc. 2 at 1–2.  Steel objects to this course of action on two grounds.  First, Steel
argues that even the AEMLD, negligence, and wantonness claims arise under Alabama
workers' compensation for purposes of § 1445(c), thus compelling remand of the entire
action.  Second, he argues that there is no basis for severing his properly joined claims,
and the entire case must therefore be remanded.  The court agrees with the second
proposition, but not the first.

Steel's attempt to sweep all of his claims into the purview of 28 U.S.C. § 1445(c)
depends on overly broad interpretations of § 1445(c) and the Alabama Workers'
Compensation Act.  Specifically, he claims that the Act authorizes him to proceed with his
workers' compensation claim while also suing a third-party tortfeasor, and therefore any
third-party claim he brings for the same injury arises under Alabama workers'

compensation law and cannot be removed under § 1445(c). Doc. 11 at 5–7 (citing Alabama Code § 25-5-11(a) (1975)).   The Eleventh Circuit employed a more nuanced analysis in *Reed* when faced with the question of whether a claim for retaliatory discharge pursuant to Alabama Code § 25-5-11.1 arises under Alabama workers' compensation law. *Reed*, 206 F.3d at 1058–61.   Categorizing retaliatory discharge as "a cause of action created by a state legislature for workers discharged because they file workers' compensation claims," the Eleventh Circuit distinguished this statutory retaliatory discharge cause of action from similar common-law causes of action. *Id*. at 1059.   The court ultimately held that retaliatory discharge arises under Alabama workers' compensation law for purposes of § 1445(c), but only upon finding that the retaliatory discharge statute was "[c]odified together with the remaining workers' compensation laws" and "was passed to enhance the efficacy of the overall workers' compensation system," making it an "integral part" of the overall compensation scheme. *Id*. at 1060.

Steel's causes of action for negligence and wantonness are precisely the type of common-law claims distinguished by the *Reed* court.   These claims—found by the Eleventh Circuit to be "so different" as to "have little persuasive force"—included a common-law action for an employer's intentional injury to its employees. *Id*. at 1059–60. Negligence and wantonness claims are more analogous to this common-law tort than to *Reed*'s statutory retaliatory discharge claim.   And the court is not persuaded that common-law claims for negligence and wantonness are subsumed by the workers' compensation scheme solely because Alabama Code § 25-5-11(a) authorizes an employee

to bring those claims while simultaneously maintaining a claim under the Alabama Workers' Compensation Act.   Most significantly, the negligence and wantonness doctrines, as creatures of the common law, existed before and wholly independent from the Act, and have not been codified in the Act.   This court therefore joins other district courts sitting within the State of Alabama in finding that common-law tort claims, such as negligence and wantonness claims, do not arise under the Alabama Workers' Compensation Act. *See Moore v. CNA Found.*, 472 F. Supp. 2d 1327, 1329 n.* (M.D. Ala. 2007) (citing *Patin v. Allied Signal, Inc.*, 77 F.3d 782 (5th Cir. 1996), and finding that common-law claims for outrage, fraud, civil conspiracy, and intentional infliction of mental anguish against an employer's workers' compensation insurer do not arise under workers' compensation law for purposes of 28 U.S.C. § 1445(c)); *Raye v. Employer's Ins. of Wausau*, 345 F. Supp. 2d 1313, 1316 (S.D. Ala. 2004) ("[C]laims for outrage and negligence do not trigger application of Section 1445(c)."); *see also Payne v. J.B. Hunt Transp., Inc.*, 154 F. Supp. 3d 1310, 1315 (M.D. Fla. 2016) (holding that common-law negligence claims do not implicate § 1445(c) despite statutes that "permit an employee to bring a traditional common law action in lieu of proceedings" under the Florida workers' compensation scheme).

Steel's AEMLD claim likewise does not arise under Alabama workers' compensation law.   Alabama law traditionally required privity of contract between an injured party and the manufacturer of the injuring product. *See Tuscumbia City Sch. Sys. v. Pharmacia Corp.*, 871 F. Supp. 2d 1241, 1247 (N.D. Ala. 2012).   Although the privity

requirement had been relaxed somewhat over time, in 1976 "the Alabama Supreme Court formally restated the elements of a manufacturer's liability claim in two cases decided on the same day," and "thereby christened the 'extended' manufacturers' liability doctrine." *Id*. (citing *Atkins v. Am. Motors Corp.*, 335 So. 2d 134 (Ala. 1976), and *Casrell v. Altec Indus., Inc.*, 335 So. 2d 128 (Ala. 1976)).   The AEMLD thus has a judicial genesis, not a legislative one, and certainly not one within the same legislation as the Alabama Workers' Compensation Act.   As with other "court-created tort remed[ies]" distinguished by the Eleventh Circuit in *Reed*, AEMLD claims do not arise under the Alabama workers' compensation scheme. *Reed*, 206 F.3d at 1059; *see also Formosa v. Lowe's Home Ctrs., Inc.*, 806 F. Supp. 2d 1181, 1190 (N.D. Ala. 2011) (remanding workers' compensation claim as arising under § 1445(c) while severing and retaining jurisdiction over AEMLD and other tort claims due to the plaintiff's waiver of procedural removal defects).

**B.     Severance and Partial Remand**

Although § 1445(c) compels the remand of only Steel's workers' compensation claim, the court finds no basis for severing the remaining claims and retaining jurisdiction over them.   Here again, *Reed* is instructive.   The Eleventh Circuit in *Reed* authorized the district court to sever and to remand a retaliatory discharge claim arising under Alabama workers' compensation law while retaining a claim under the Americans with Disabilities Act ("ADA"). *Reed*, 206 F.3d at 1063.   But there is a fundamental distinction in this context between federal question claims, such as *Reed*'s ADA claim, and Steel's claims

7

based in diversity jurisdiction.[3]   Congress has required severance and partial remand in one specific instance: where a federal question claim is joined in the same action with "a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute." 28 U.S.C. § 1441(c)(1); *see also* 28 U.S.C. § 1441(c)(2) ("Upon removal . . . the district court shall sever from the action all [nonremovable] claims . . . and shall remand the severed claims . . . ."). The retaliatory discharge and ADA claims in *Reed* fit this profile; Steel's claims do not.   Therefore, § 1441(c) does not allow for the severance and partial remand of Steel's claims. *See, e.g.*, *Phillips v. R.R. Dawson Bridge Co., LLC*, 2014 WL 3970176 at *3 (N.D. Ala. Aug. 12, 2014) (holding that § 1441(c) does not require severance of diversity claims); *Bryant v. Wausau Underwriters Ins. Co.*, 2008 WL 1808325, at *2 (M.D. Ala. Apr. 21, 2008) ("Indeed, § 1441(c) expressly authorizes a district court to exercise jurisdiction over a claim removed pursuant to § 1331 and remand 'otherwise non-removable claims or causes of action.'   There is no such authority in claims removed pursuant to § 1332 . . . . Accordingly, this Court holds that removal of this cause of action is prohibited by § 1445(c).").

The court acknowledges that at least one district court sitting within the Eleventh Circuit has reached the conclusion that *Reed* "applies equally in the diversity context."

---

[3] Steel's negligence, wantonness, and AEMLD claims satisfy the statutory prerequisites for diversity jurisdiction in that the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interest and cost. *See* 28 U.S.C. § 1332; Docs. 1 at 2–3 & 14-1.   The court disregards all claims purportedly brought against fictitious parties because this practice is not allowed in federal court. *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (citing *New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir. 1997)).

*Lamar v. Home Depot*, 907 F. Supp. 2d 1311, 1315 (S.D. Ala. 2012).   As noted in *Lamar*: "Some courts have determined that the retention of a federal claim despite remand of the worker's compensation claim under Section 1445(c) can be justified under Section 1441(c), and the Court agrees." *Id*. at 1314.   This court likewise agrees with the uncontroversial proposition that § 1441(c) allows for severance and partial remand.   But it does so only for claims "arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title)." 28 U.S.C. § 1441(c)(1)(A). Ultimately, this court will not read out of § 1441(c) the distinction between claims rooted in federal question and diversity jurisdiction, or join in *Lamar*'s holding that *Reed* compels such a result. *See id*. at 1314–17.   Rather, this court finds that "*Reed* can not be interpreted as authority for severing and remanding worker's compensation claims in cases that are removed under § 1332 (diversity) because *Reed* involved a case removed under § 1331 (federal question)." *Bryant*, 2008 WL 1808325 at *2 (citing *Williams v. CNH Am., LLC*, 542 F. Supp. 2d 1261, 1266 (M.D. Ala. 2008), which holds that *Reed* is controlling authority only where federal question claims are joined with a workers' compensation claim).   Only this result "corresponds with the heightened federalism concerns underlying removal jurisdiction based on diversity citizenship," *Phillips*, 2014 WL 3970176 at *4, and only this result jibes with this court's interpretation of *Reed* in the context of §§ 1441(c) and 1445(c).

Although 28 U.S.C. § 1441(c)'s severance provisions are inapposite, Viscofan argues that Federal Rule of Civil Procedure 21 provides the mechanism by which the court

might sever Steel's workers' compensation claim from his negligence, wantonness, and AEMLD claims. Doc. 14 at 2 n.1.   Rule 21 does allow the court to "sever any claim against a party." Fed. R. Civ. P. 21.   However, Rule 21 severance is generally considered proper only when claims have been misjoined under Federal Rule of Civil Procedure 20. *E.g.*, *Alhassid v. Bank of Am., N.A.,* 60 F. Supp. 3d 1302, 1326 (S.D. Fla. 2014) (citations omitted).   There is no such allegation here, as all claims arise out of the same accident. *See* Fed. R. Civ. P. 20(a)(2)(A).   Instead, Viscofan claims that the non-workers' compensation claims are improperly joined because the Alabama Workers' Compensation Act provides the exclusive remedy for Steel's alleged injury. Doc. 5 at 4 (citing Ala. Code §§ 25-5-52 & -53 (1975)).   Viscofan has offered no support for the proposition that it is misjoinder to pair a workers' compensation claim with a claim that may be barred by workers' compensation exclusivity. Doc. 14 at 4, n.4; *see generally* Doc. 5.   Moreover, even if Viscofan is correct that all non-workers' compensation claims are barred and should be dismissed under Federal Rule of Civil Procedure 12(b)(6), the court must resolve the question of its subject matter jurisdiction prior to addressing any other pending motions. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) ("[A] federal court must remand for lack of subject matter jurisdiction notwithstanding the presence of other motions pending before the court."); *Wilks v. Callahan*, 2009 WL 2243702, at *3 (S.D. Ala. July 24, 2009) ("Absent federal jurisdiction, this Court lacks the power to decide Defendants' pending Motion to Dismiss, and must immediately remand this action to state court without reaching the question of whether Plaintiffs have stated cognizable claims

against Defendants.").[4]

Alternatively, in certain limited circumstances Rule 21 severance may also be justified by "considerations of judicial economy, case management, prejudice to parties, and fundamental fairness"—even where Rule 20 allows joinder. *Barber v. Am.'s Wholesale Lender*, 289 F.R.D. 364, 368 (M.D. Fla. 2013) (citations omitted).   While not raised in Viscofan's later pleadings,[5] the Motion to Sever and for Partial Remand advances an efficiency argument in noting that the workers' compensation action is a non-jury proceeding while Steel has demanded a jury trial on the tort claims. Doc. 2 at 1–2.   Even so, the court is not convinced that the severance of Steel's workers' compensation and non-workers' compensation claims would increase efficiency. *See, e.g.*, *Wingard v. Guillot Textilmaschinen GMBH*, 2008 WL 4368884, at *4 (M.D. Ala. Sept. 23, 2008) (finding "that severing the workers' compensation claim [from other tort claims arising out of the same on-the-job injury] would not promote judicial economy").   The premise that the workers' compensation and tort actions "should not be tried together under Alabama law," Doc. 2 at 2, is also in dispute. *See Priest v. Sealift Servs. Int'l, Inc.*, 953 F. Supp. 363, 364 (N.D. Ala. 1997) ("This court understands that some Alabama trial judges under similar

---

[4] Because the court cannot consider Viscofan's argument for dismissal prior to assessing its jurisdiction over this action, and herein finds that the case must be remanded, Viscofan's motion for partial dismissal (Doc. 5) is held over for resolution by the Circuit Court of Montgomery County, Alabama.

[5] Instead, Viscofan's later pleadings introduce the argument that the court has no discretion to remand the tort claims if they have been properly removed. *See* Doc. 14 at 10.   As stated above, the court finds that Steel's tort claims were not properly removed in as much as they were joined upon removal with a nonremovable workers' compensation action. *See Phillips*, 2014 WL 3970176, at *5 (N.D. Ala. Aug. 12, 2014) ("In sum, the workers' compensation claim . . . is not fraudulently joined with the other claims in this action.   Since it is not fraudulently joined, there is no basis to sever it from the other claims in order to establish proper diversity jurisdiction.   Instead, the case is due to be remanded."); *Bryant*, 2008 WL 1808325 at *2 (holding that the "removal of [diversity claims joined with nonremovable claims in the same] action is prohibited by § 1445(c)").

procedural circumstances, instead of severing a workers' compensation count from a tort count, try to a jury the tort count against alleged non-employer tortfeasors while reserving to themselves the separate workers' compensation claim based on the same evidence, thus saving two trials.").   This is particularly true where severance undeniably creates its own inefficiencies by requiring the parties to litigate parallel lawsuits in two forums relating to the same nucleus of facts.   Without a stronger showing, the court declines to exercise its discretion to sever Steel's tort claims from his workers' compensation claim.   The entire action is due for remand.

### III.   CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

1.      Plaintiff's Motion to Sever and for Partial Remand (Doc. 2) is DENIED;

2.      Plaintiff's Motion to Remand (Doc. 10) is GRANTED, and this action is REMANDED to the Circuit Court of Montgomery County, Alabama, pursuant to 28 U.S.C. § 1447(c); and

3.      Defendant's Motion for Partial Dismissal of Plaintiff's Complaint (Doc. 5) is held over for resolution by the Circuit Court of Montgomery County, Alabama.

The Clerk of the Court is DIRECTED to take appropriate steps to effectuate the remand.

DONE this 19th day of January, 2017.

/s/ Gray M. Borden
UNITED STATES MAGISTRATE JUDGE